EDUARDO G. ROY  (CA BAR NUMBER 146316)
PROMETHEUS PARTNERS
555 MONTGOMERY STREET, SUITE 708
SAN FRANCISCO, CA 94111
TELEPHONE: 415.370.4375
Eduardo.roy@prometheus-law.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA INFANTE,<br><br>PLAINTIFF,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant | Case No.:<br><br>CLASS ACTION CIVIL RIGHTS COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, RESTITUTION, AND DAMAGES FOR FOURTH AMENDMENT VIOLATIONS<br><br>DEMAND FOR JURY TRIAL |

This class action complaint seeks equitable and monetary relief for the frequent violations of plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures resulting from the City of San Francisco's unconstitutional practice of physically marking lawfully parked vehicles for the primary purpose of obtaining evidence of violations of parking limits or ordinances.  For many years, the City has benefitted economically from its unlawful practice, raising substantial revenues by violating citizens' constitutional rights daily. Plaintiffs seek to halt the City's unconstitutional practice and to obtain compensation for the Fourth Amendment violations, including restitution and damages.

**PARTIES**

1. Plaintiff Maria Infante was at all relevant times, and is, an individual residing in the State of California.
2. Defendant the City and County of San Francisco (City) was at all relevant times, and is, a local government agency and subdivision of the State of California. Defendant City uses its Police Department and the Municipal Transportation Authority  to cite Plaintiff and class

CLASS ACTION CIVIL RIGHTS COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, RESTITUTION, AND DAMAGES FOR FOURTH AMENDMENT VIOLATIONS DEMAND FOR JURY TRIAL - 1

members for parking violations. Defendant City implements its parking ticket program and any resulting towing and impoundment of class members' vehicles.

3. Plaintiff is currently unaware of the true names and capacities of the individual defendants and parking enforcement officers sued in this action. For that reason, plaintiff names the individual defendants by the fictitious names Does 1 through 50, inclusive, and will amend this complaint to allege these defendants' true names and capacities when they are discovered.

4. Plaintiff is informed and believes that each defendant in this action is responsible for the constitutional violations and resulting damages alleged more specifically below. For the sake of convenience, however, plaintiff refers to all potentially responsible parties collectively as "Defendants."

## JURISDICTION AND VENUE

5. This is an action for redress of constitutional violations under Title 42, United States Code, section 1983 based on defendants' past and continuing violations of plaintiff's and class members' Fourth Amendment right to freedom from unreasonable searches and seizures. This Court has jurisdiction under Title 28, United States Code sections 1331 and 1343, and under the Declaratory Judgment Act, Title 28, United States Code, sections 2201(a) and 2202.

6. Venue is proper in the Northern District of California, because defendants reside in the district and plaintiff's and the class members' claims arose in this district.

## CLASS ALLEGATIONS

7. Plaintiff brings this action on her own behalf and on behalf of all other similarly situated persons under Federal Rules of Civil Procedure 23(a) and 23(b)(2).

8. The class is composed of all individuals whose vehicles were cited for parking violations or cited, towed, and impounded for parking violations based on the physical placement of a mark –typically a chalk mark—on a vehicle's tires for the purpose of obtaining information to support a parking citation. Defendants violated the class member's Fourth Amendment

CLASS ACTION CIVIL RIGHTS COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, RESTITUTION, AND DAMAGES FOR FOURTH AMENDMENT VIOLATIONS DEMAND FOR JURY TRIAL - 2

rights in an attempt to justify the issuance of issuance of numerous parking tickets that resulted in damages to the class members.

9. Plaintiff does not know the exact size of the class or the identities of its prospective members. Plaintiff is informed and believes that the number of persons injured by defendants' unconstitutional conduct is sufficiently numerous to make a class action the most practical and efficient method to obtain redress for the class members' injuries and damages and to obtain effective, class-wide equitable relief.

10. All prospective class members are, and have been, subject to the defendants' unlawful parking enforcement practices and policies.  The class is united in its interests with respect to proof of defendants' conduct and the adverse effects caused by defendants' actions.

11. Plaintiff's claims raise clear questions of law and fact that are common to, and typical of, the class she seeks to represent.

12. Plaintiff asserts claims typical of the entire prospective class, and her claims and interests do not conflict with the interests of any other prospective class member.  Plaintiff and class members have been injured in the same way by the same wrongful policies, practices, and conduct of defendants.  Plaintiff's claim is based on the same practices and conduct that give rise to all class members' claims, and plaintiff's claim is based on the same legal theories.

13. Plaintiff will fairly and adequately represent the interests of the class.  Plaintiff does not have any interests antagonistic to the class.  Plaintiff is represented by competent counsel with class action experience.

14. Because of the numerosity and similarity of class members' claims, a class action is preferable and superior to other available methods for the fair and efficient adjudication of this controversy.  Class treatment will permit the adjudication of claims by many class members who could not afford to litigate their claims individually.  There should not be any practical problems or difficulties preventing maintenance of this case as a class action.

CLASS ACTION CIVIL RIGHTS COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, RESTITUTION, AND DAMAGES FOR FOURTH AMENDMENT VIOLATIONS DEMAND FOR JURY TRIAL - 3

**GENERAL ALLEGATIONS**

15. Plaintiff Maria Infante owns or has owned motor vehicles registered with the State of California.

16. Plaintiff Maria Infante recently received a parking ticket for allegedly exceeding the time limit for parking in a Residential Parking Permit Area in the City of San Francisco. The citation was for $95.00.

17. A parking enforcement officer employed by, or working for, defendant City of San Francisco issued plaintiff's parking enforcement citation.

18. Plaintiff is informed and believes that a parking enforcement officer marked her vehicle's tires with chalk solely to obtain information used for the purpose of issuing a parking citation.

19. Plaintiff is informed and believes that parking enforcement officers working for, or under the authority of, the City of San Francisco regularly and systematically place chalk or a similar substance on the vehicle's tires of other vehicles, without the owner's consent, surreptitiously to obtain information used as the basis for parking citations throughout the City of San Francisco.

20. Plaintiff is informed and believes that it is defendants' official custom and practice for parking enforcement officers to chalk vehicles' tires for the primary purpose of justifying the issuance of parking citations throughout the City of San Francisco.

21. While legally parked, plaintiff's vehicle did not pose any imminent threat to public health, safety, security, or resources.

22. The mere passage of time did not cause plaintiff's parked car to present any imminent threat to public health, safety, security, or resources. For example, the simple presence of plaintiff's vehicle one minute after expiration of a parking zone time limit did not create any imminent threat to public health, safety, security, or resources.

23. The City's unlawful parking enforcement practices confirm that a vehicle parked for more than two hours in a two-hour time zone does not pose any threat to public health, safety,

security, or resources.  For another example, a motorist lawfully parks his vehicle in a two-hour time zone at 1:00 p.m., but the City's parking enforcement officer does not chalk the vehicle's tire until 2:00 p.m., allowing the vehicle to remain in its spot until 4:00 p.m., for a total of three hours, without any concern for the vehicle's creation of a threat to public health, safety, security, or resources by its presence in the two-hour zone for up to three hours.

24. Defendants do not provide motorists any advance notice that their vehicles will be subject to a search for evidence of parking time limit violations simply for parking in a legal space subject to a time limit.

25. Defendants have alternative parking enforcement methods, including meters, photography, and even chalking the ground behind or near a parked vehicle.

## FIRST CAUSE OF ACTION

## FOURTH AMENDMENT VIOLATION – UNREASONABLE SEARCH

26. Plaintiff realleges and incorporates by references paragraphs 1 through 25 of this complaint, as though fully set forth here.

27. Defendants and their employees or agents violated plaintiff's Fourth Amendment right to be free from unreasonable search and seizure of his property by marking her vehicle with chalk for law enforcement purposes, the enforcement of parking time limits.  In the absence of a valid warrant, consent, or exigent circumstances, Defendants' surreptitious placement of chalk marks on private vehicles is an unlawful physical intrusion on property made to obtain information for a law enforcement purpose in violation of the Fourth Amendment.

28. Defendant City of San Francisco and its authorized agents have a policy, custom, or practice of surreptitiously placing chalk marks on private vehicles for law enforcement purposes and for surveillance on the movement of private vehicles.

29. Defendants' unconstitutional conduct is the actual and proximate cause of plaintiff's harm, which is sufficient to warrant monetary and equitable relief.  Defendants' conduct is the actual and proximate cause of class members' harm.

CLASS ACTION CIVIL RIGHTS COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, RESTITUTION, AND DAMAGES FOR FOURTH AMENDMENT VIOLATIONS DEMAND FOR JURY TRIAL - 5

## SECOND CAUSE OF ACTION

## DECLARATORY AND INJUNCTIVE RELIEF

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of this complaint, as though fully set forth here.

31. An actual controversy exists between Plaintiff and Defendants about the lawfulness of Defendants' challenged parking enforcement practices, as Plaintiff is informed and believes that Defendants continue those practices and will not stop absent injunctive relief.

32. Plaintiff and Defendants disagree about the constitutionality of the challenged tire-chalking practice. Plaintiff claims that Defendants' practices are unlawful and seeks a declaration of her and class members' rights to be free from unconstitutional searches and seizures.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks for the following judgment against Defendants, and each of them:

1. For a preliminary and permanent injunction prohibiting Defendants from engaging in the parking enforcement practices, policies, and conduct alleged in this complaint;

2. For a declaratory judgment that Defendants' challenged parking enforcement practices, policies, and conduct violate plaintiff's and the class members' Fourth Amendment right to be free from unreasonable searches and seizures;

3. For restitution of all fines, penalties, or fees paid for parking citations issued on the basis of Defendants' unconstitutional parking enforcement practices, policies, or conduct;

4. For damages in an amount according to proof;

5. For costs of suit and attorney's fees as provided by law;

6. For such other relief as the Court deems just and equitable.

Dated September 4, 2021.

/s/     EDUARDO G. ROY

CLASS ACTION CIVIL RIGHTS COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, RESTITUTION, AND DAMAGES FOR FOURTH AMENDMENT VIOLATIONS DEMAND FOR JURY TRIAL - 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION CIVIL RIGHTS COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, RESTITUTION, AND DAMAGES FOR FOURTH AMENDMENT VIOLATIONS DEMAND FOR JURY TRIAL - 7