United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA INFANTE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendant. | Case No. 21-cv-06892-HSG<br><br>**ORDER STAYING CASE** |

This is a putative class action lawsuit challenging the City of San Francisco's practice of "chalking," or physically marking car tires to enforce parking ordinances. Plaintiff's Complaint, filed in September 2021, alleges that the practice of chalking amounts to an "unreasonable search" in violation of the Fourth Amendment of the U.S. Constitution. *See* Dkt. No. 1. Defendant City and County of San Francisco filed a motion to dismiss the Complaint, in which they argue that chalking does not constitute a "search" and, in any event, is "reasonable" under the Fourth Amendment. *See* Dkt. No. 19. As both parties have acknowledged, the central legal issues raised by Defendant's motion are presently before the Ninth Circuit in *Verdun v. City of San Diego*, 549 F. Supp. 3d 1192, 1193 (S.D. Cal. 2021), *appeal docketed*, No. 21-55046 (9th Cir. Aug. 25, 2021). For the reasons explained below, the Court will stay this case pending guidance from the Ninth Circuit in *Verdun*.

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In order to issue a stay, courts consider: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of

1  justice measured in terms of the simplifying or complicating of issues, proof, and questions of law
2  which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.
3  1962) (citing *Landis*, 299 U.S. at 254-55).
4        Here, the Court finds the third factor dispositive. In short, a stay pending guidance from
5  the Ninth Circuit on the central issue in this case will likely prevent the parties and the Court from
6  wasting resources. *See Aland v. U.S. Dep't of the Interior*, No. 22-CV-01321-JSW, 2022 WL
7  1539522, at *2 (N.D. Cal. May 16, 2022) ("[T]he Court would expend unnecessary resources
8  litigating Plaintiff's claims now when a binding decision from the Ninth Circuit could later require
9  the Court to revisit its rulings."). And neither party has identified any potential damage, hardship,
10 or inequity that would result from staying the case. Accordingly, the case is **STAYED**, and the
11 parties are **ORDERED** to immediately notify the Court (in a joint submission) when the Ninth
12 Circuit issues an opinion or memorandum disposition in *Verdun*. If no disposition has issued by
13 September 9, 2022, the parties are directed to submit a joint report of no more than two pages on
14 that date regarding the status of the appeals.

**IT IS SO ORDERED.**

Dated: 6/7/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge