IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA INFANTE,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>  Defendant. | Case No. 21-cv-06892-CRB<br><br>**ORDER LIFTING STAY AND GRANTING MOTION TO DISMISS** |

      This case concerns "chalking"—the parking enforcement practice of placing a chalk mark on a vehicle's tire to track how long the vehicle has been parked. Plaintiff Maria Infante brought this class action suit, arguing that chalking is an unreasonable search under the Fourth Amendment. Compl. (dkt. 1) ¶¶ 8, 27. Defendant, the City of San Francisco, moved to dismiss Infante's complaint, arguing that chalking is not a search, that, in the alternative, chalking is a reasonable search under the administrative search exception, and that Infante failed to allege sufficient facts to state a claim. Mot. (dkt. 19). Judge Haywood S. Gilliam Jr., previously assigned to this matter, stayed the case while awaiting the Ninth Circuit decision in Verdun v. City of San Diego, 549 F. Supp. 3d 1192, 1193 (S.D. Cal. 2021), appeal docketed, No. 21-55046. See Order Staying Case (dkt. 25).

      The Ninth Circuit issued its decision in Verdun on October 26, 2022. See Verdun v. City of San Diego, 51 F.4th 1033 (9th Cir. 2022). The Circuit held that "[e]ven assuming the temporary dusting of chalk on a tire constitutes a Fourth Amendment 'search,' it falls within the administrative search exception to the warrant requirement." Id. at 1035. Following Verdun, the parties in this case submitted a Joint Case Management

Statement in which Infante asserted: "Plaintiff asserts that the tire chalking practice is an unconstitutional search prohibited by the Fourth Amendment. In light of the Ninth Circuit's ruling in Verdun v. City of San Diego, 51 F.4th 1033 (2022), Plaintiff seeks a final appealable order so that the issues raised in this case may be heard by the Ninth Circuit." Joint CMC (dkt. 32). Infante had previously acknowledged: "the Ninth Circuit's decision will either doom plaintiff's complaint in this case or enhance Plaintiff's likelihood of success." CMC (dkt. 12) at 2. This Court related this case to Nasser v. City of San Leandro, 21-cv-6883-CRB, and it was reassigned to this Court on December 2. See Order Relating (dkt. 35); Case Reassigned (dkt. 36).

The Court concludes that Verdun is dispositive. In light of Verdun, the Court LIFTS the stay in this case and GRANTS Defendant's motion with prejudice.

**IT IS SO ORDERED.**

Dated: December 7, 2022

CHARLES R. BREYER
United States District Judge